IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY J. RUIZ,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY JAIL, et al.,<br><br>Defendants. | No. 2:21-CV-0248-WBS-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

  Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1 rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege
2 with at least some degree of particularity overt acts by specific defendants which support the
3 claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
4 impossible for the Court to conduct the screening required by law when the allegations are vague
5 and conclusory.

6    Plaintiff names as defendants the Sacramento County Jail and Officer White,
7 identified as a "Sheriff."  ECF No. 1, pgs. 1-2.  Plaintiff alleges negligence resulting in unsafe
8 working conditions in the jail's kitchen.  See id. at 3. According to Plaintiff, he sustained a slip-
9 and-fall injury while working in the kitchen.  See id.

10    Section 1983 provides a cause of action for violation of rights guaranteed by the
11 United States Constitution as well as federal law.  See Buckley v. City of Redding, 66 F.3d 188,
12 190 (9th Cir. 1995).  Here, Plaintiff does not allege a violation of a constitutional or federal
13 statutory right.  Rather, Plaintiff alleges a state law tort claim based on negligence.  Negligence
14 claims are not cognizable under § 1983.  See e.g. Estelle v. Gamble, 429 U.S. 97, 106 (1976)
15 (holding that negligence in insufficient to state a § 1983 medical needs claim under the Eighth
16 Amendment).

17    Because it does not appear possible that the deficiencies identified herein can be
18 cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of
19 the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1 | Based on the foregoing, the undersigned recommends that this action be dismissed
2 | for failure to state a claim upon which relief can be granted.
3 | These findings and recommendations are submitted to the United States District
4 | Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
5 | after being served with these findings and recommendations, any party may file written
6 | objections with the court.  Responses to objections shall be filed within 14 days after service of
7 | objections.  Failure to file objections within the specified time may waive the right to appeal.  See
8 | Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10 | Dated:  September 2, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE